THOMAS S. SELLEW'S APPEAL FROM PROBATE.

A probate decree settling an executor's account is not conclusive evidence of his liability in money for the balance with which he is charged. That sum represents a balance of the estate undisposed of remaining for distribution, and the decree while it stands is conclusive evidence that he had in his hands those items of personal property.

Sellew's Appeal from Probate.

But where a mistake has been made in the settlement of the account, and property with which the executor is charged proves in fact to have been lost or destroyed whe₁ supposed to have been in existence or is subsequently taken from the executor by a paramount title when it was supposed to belong to the estate, the equity power of the court of probate is sufficient for the correction of the mistake, which correction may be made upon an application by the executor to the court for relief.

And where the same person is executor and trustee under a will, and after the settlement of his account as executor there is a loss of property without his fault, the court of probate may afford him relief in the settlement of his trustee account.

In such a case the trustee ought to charge himself with the whole amount which the court had ordered to be distributed to him and to credit himself with any loss or depreciation of the property, and the finding of the court of probate ought expressly or by necessary implication to determine the fact that he is entitled to those credits.

Where an executor was also a trustee under the same will and by the settlement of his account as executor was charged with a certain sum, and by a later settlement of his trustee account was charged with a less sum, the difference representing the loss or depreciation of property in his hands, it was held on an appeal from a probate decree settling the trustee account, that, as the record did not show precisely what the decree appealed from was, the mere fact of the difference between the two accounts was not a sufficient reason for reversing the decree.

A will gave property to a trustee for the benefit of a daughter of the testator, the income to be paid to her annually until she should reach the age of twenty-five years, at which time the property was to be conveyed to her absolutely, with a right on the part of the trustee in his discretion to convey all the property to her before reaching that age, and with a bequest over to other relatives of the testator in case the daughter should die without issue before the property was so conveyed to her. The daughter died without issue before arriving at the age of twenty-five years. Previous to her death the trustee had delivered to her a small portion of the trust estate. Held that the trustee under the provision authorizing him to convey to her all the property in his discretion before she should reach the age of twenty-five, had a right to deliver to her such portion of the property as he thought best.

Where both parties to a suit move for a new trial or file motions in error, the party should go forward in the argument whose right it was to go forward in the court below.

APPEAL from three decrees of a probate court accepting and settling the account of William W. Wilcox as trustee under the will of Anson R. Sellew; brought to the Superior Court in New Haven county, and heard before *Sanford, J.*

The decrees appealed from were made on the 8th day of September, 1864, the 1st day of September, 1865, and the 1st day of October, 1865. The reasons of appeal which were

filed will sufficiently appear from the following finding of the facts made by the court, and are also stated in the opinion.

Anson R. Sellew, of Meriden in this state, died August 21st, 1863, leaving a will of which the following are the parts material to this case.

"I give, devise, and bequeath all the rest and residue of . my property, real and personal, * * * to John Ives, and William W. Wilcox, in trust, that they shall hold, manage, invest, and dispose of the same, as is hereinafter provided. And my trustees are directed to proceed with said property, as follows :

"They are to set apart one thousand dollars for the benefit of my sister, Sarah O. Sellew, during her natural life; and to pay over to her the avails, income, and profits thereof, annually or semi-annually, during her life; and, at her decease, to dispose of the same as hereinafter directed. * *

"The rest of all my personal property, * * * together with my real estate not subject to the use of my wife, and after her decease all my real estate, they are to set apart for the benefit of my daughter, Emma A. Sellew; and to pay the rents, income, avails, and profits thereof to her, annually or semi-annually, until she shall arrive at the age of twenty-five years, at which time they shall convey all property, real and personal, held in trust for her benefit, to her absolutely, to her and her heirs forever; and they may, in their discretion, make such conveyance and transfer to her before she shall arrive at the age of twenty-five years. * * *

"If my said daughter should die before the conveyance of the property held in trust for her has been made to her as is herein provided, the same shall, upon her decease, be, by said trustees, conveyed absolutely to her child or children, if any there be, to them and their heirs forever. · * * * *

"But, if my said daughter shall die before the property held in trust for her benefit has been conveyed to her in pursuance of this will, without issue, then, and in such case, my said trustees shall retain in their hands the sum of three thousand dollars, or property to that value; and pay the income of two thousand dollars thereof, annually or . semi-

annually, during life, to my sister, Sarah O. Sellew, and pay the income and profits of the remaining one thousand dollars, in like manner, to my sister, Ann E. Crittenden; and, at their decease, to convey said three thousand dollars absolutely to my brother, Thomas Sellew, and to his heirs forever; and the balance of said trust fund, and any and all trust funds in their hands, shall, upon and in the event of my daughter's death without issue, be, by my said trustees, conveyed and transferred absolutely to my brother, Thomas Sellew, and his heirs forever, whenever the purposes of such trust shall have been filled. * * *

"If either of my trustees shall die before the complete execution of the trusts conferred upon them, the court of probate for the district of Meriden will appoint a trustee in his place. I hereby appoint William W. Wilcox, of Middletown, executor of this my last will and testament."

Wilcox, named as executor in the will, accepted the trust, gave bond, and proceeded with the settlement of the estate under the will, and on the 18th of June, 1864, rendered his administration account to the court of probate, in which he was debited, as executor, with real and personal estate to the amount of $11,514.20, and credited to the amount of $4,553.20, the balance to his debit being $6,961; and on the said 18th day of June, 1864, the probate court approved and allowed the account, and ordered the above balance to be distributed to Wilcox in his capacity of trustee under the will. On the 8th day of September, 1864, Wilcox, as trustee, rendered to the court of probate his first trustee account, therein debiting himself with the sum of $6,330.02, instead of said sum of $6,961, showing a difference of $630.98 between the balance shown against him in the administration account and the amount with which he debited himself in his trustee account. On the first day of September, 1865, and the first day of October, 1865, Wilcox rendered to the court two other trustee accounts, which were approved and allowed, and in which the same difference of $630.98 was continued, these three decrees of the court of probate being the decrees appealed from.

The said Emma A. Sellew, daughter of the testator, died without issue, on the 28th day of September, 1865. Sarah O. Sellew and Ann E. Crittenden, named in the will, are both still living. At the time of the death of said Emma, the trust fund in the hands of Wilcox, as trustee, amounted to the sum of $4,666.58 ; and after her death he paid over to Thomas S. Sellew, the appellant, the sum of $666.58, leaving in his hands, as such trustee, on the first day of October, 1865, the sum of $4,000, which he now holds in trust under the provisions of the will. John Ives, named in the will as co-trustee with Wilcox, declined the trust and Wilcox has acted as sole trustee from the beginning.

There was no other evidence produced at the trial by the appellant, showing or tending to show the amount of the trust fund in the hands of Wilcox, except the administration account, the decree of the court of probate allowing the same, and the order of distribution.

The said Emma A. Sellew had been declining under consumption for a considerable time before her death, which occurred on the 28th of September, 1865, and was at the time about nineteen years of age. During her illness she had been, and at the time of her decease was, an inmate of the house where Wilcox with his family resided, and he supposed that she could not recover. On the first day of September, 1865, at her suggestion and request, he delivered to her, from the trust estate in his hands, a piano of the value of $300, and a United States bond of the value of $500, to be absolutely owned and controlled by her, as her own property, but with knowledge that she intended to dispose of the same by her will to the persons to whom she afterward bequeathed them. This was done by him in the full belief that he had authority under the will, in the exercise of his discretion, so to do. On the 14th of September, 1865, the said Emma made her last will, by which she bequeathed the piano to her cousin, who was a sister of the wife of Wilcox, and the bond to another cousin, who was the brother of Wilcox's wife. The will, after her decease, was admitted to probate, and the legatees subsequently received the bequests. Wilcox in his trustee

account credited himself with the piano at $300 and the bond at $500, and to that extent diminished the trust estate in his hands, as appeared by his account rendered to the court of probate September 1st, 1865.

The court reversed the decrees appealed from, and both the appellant and the appellee moved for a new trial for errors in the rulings and decisions of the court, and also motions in error presenting the same points. The points made on both sides in these motions are sufficiently stated in the opinion.

When the case came up for argument in this court a question was raised by the counsel as to which party should go forward, both having moved for a new trial and both having filed motions in error. The judges decided that the party that went forward below, the appellant, should go forward here, *Hinman*, *C. J.*, remarking that if a case stands so that any affirmative at all is left upon the plaintiff he always goes forward, whatever affirmatives may rest on the defendant.

*Doolittle*, for the appellant.

*Wright* for the appellee.

BUTLER, J. This is a complicated case as presented upon the record, both parties filing motions for a new trial, and both motions in error, but the real questions are few. In order to give reasons for our decision in the case intelligibly, it seems necessary to extract the material facts from the record.

Anson R. Sellew died testate, bequeathing his whole property in trust to his executors, for the benefit of certain relatives. Only one of the executors, Wilcox, accepted the trusts. The estate was duly settled and the balance in the hands of the executor ascertained. Subsequently the trustee settled his trust account with the court of probate, upon three several occasions, and upon each the account was accepted and approved. The appellants appealed from the three several orders of the court of probate, accepting and approving the accounts of the trustee, and in the Superior Court filed their

reasons of appeal, assigning four several errors in the action of that court.

The first error assigned is, that the trustee in presenting his trust account to the court of probate for settlement did not charge himself with the whole value of the property found to be in his hands upon the settlement of his executor's account, but for a sum $630.98 less than the amount found to be in his hands upon said settlement.

The second reason is, that the trustee sold a tract of real estate appraised at $2800, which was a part of said trust estate, and had not accounted for the proceeds.

The third reason is, that the trustee had paid over, improperly and without law or right, to Emma A. Sellew, a daughter of the deceased, and one of the cestui que trusts, a portion of the trust estate, to the injury of the appellant as residuary legatee.

The fourth reason is, that under an erroneous construction of a clause of the will, the trustee wrongfully retained the sum of $1000 for the use and benefit of Sarah O. Sellew, which sum should have been paid to the appellant as residuary legatee.

These questions, with the clauses of the will which relate to them, and the facts as found by the court bearing upon them, we will consider in their order.

The court below, in respect to the first assigned error, found the settlement and balance in the hands of the executor as alleged; that the amount credited in his first trustee account was $630.98 less, as alleged; that the error was propagated through the three trustee accounts which were settled and approved; and on that ground reversed the decrees.

Upon this point it appears from the appellee's motion for a new trial that he offered evidence to show that the $630.98 was not properly chargeable to him—1st. Because a portion of the property charged to him in his executor's account never in fact came to his hands. 2d. That there was a depreciation in some of the personal property charged in the inventory of the estate before it came into his hands as trus-

tee. 3d. That there was a depreciation in some of the personal property between the time when he settled his administration account and the time when he settled his trustee account. 4th. That furniture to the value of $141.23 embraced in the inventory, and charged to him in the executor's account, was claimed and taken by the widow and his title thereto failed. The evidence so offered was rejected by the court on the ground that the matter was *res adjudicata*, and in that we think the court misapprehended the law.

A decree of a court of probate, settling an executor's or administrator's account, is undoubtedly in the nature of a final judgment, and conclusive of all matters involved in it. But it is not conclusive upon the executor or administrator of a *money demand* or liability, and the rule applicable to a judgment for a money demand cannot be applied to it. The executor or administrator as a trustee receives the estate of a deceased person, administers upon it according to law, and presents an account of his administration, and it is settled by the court. The balance found on such settlement is a balance of the estate undisposed of remaining for distribution, and if the account has been settled in an orderly and proper manner the schedules will show with precision the items of property which compose that balance, and the decree is undoubtedly conclusive evidence that the executor or administrator has in his hands those items of personal property for distribution. There may be cases where the entire balance may consist of cash in the hands of the executor or administrator, but this case is not of such a character.

But suppose a mistake has been made in the settlement of the account, and an item of property which was supposed to be in existence was in fact lost or destroyed, and the fact was unknown to the executor or the court; must the executor lose it? Or suppose an item of property which the executor supposed was part of the estate, and which is charged to him in the administration account, is subsequently taken from him by paramount title; must the executor lose that? Certainly not. The equity power of the court of probate is ample for

the correction of such mistakes, and for the protection of the executor.

If the order of distribution has not been made, he may apply to the court for relief, setting forth the facts, and the court may find them true upon the record, and make the order of distribution conform. So, at any subsequent stage of the proceedings, the application may be made and the relief granted.

Where, in a case like this, the entire estate is given to one person in trust, and where the trustee is a third person, and a part of the property has been taken from the executor by paramount title after distribution, the executor can have no relief against the claim of the trustee except by an application as executor, and an adjudication by the court of probate, for his protection. But where the executor and trustee are the same person, and the property is claimed and taken by paramount title subsequent to the settlement of the administration account, or subsequent to the distribution of the estate, we see no reason why an application should be made to the court of probate for relief by the trustee as executor, or why relief and protection may not be afforded him in the settlement of his trustee account.

So, in like manner, if there is a loss of property without fault on the part of the trustee, or a loss upon the sale of the property, or any other occurrence in relation to it after distribution and before the settlement of his trustee account, we can conceive of no reason why the court of probate in the settlement of that account may not afford him all the relief to which he is equitably entitled, and we do not see how, admitting the conclusiveness of the administration account upon all the matters upon which that conclusiveness has any bearing, the court of probate could refuse to grant him relief.

Such being in our view the principles applicable in this case, we think it was competent for the court of probate to make an allowance in the trustee account for the failure of title to the furniture, or for any loss which had accrued from the sale of property by the trustee, or any other allowance to

which he might be equitably entitled, and if in fact it did that and no more, and if the difference of $630.98 was thus accounted for, the decrees were not reversible simply because the amount found due in the settlement of the executor's account and the amount with which the trustee charged himself in his account did not conform.

The account of the trustee was undoubtedly incorrect in form. He should have charged himself with the whole amount which the court had ordered to be distributed to him and credited himself with any failure of title or loss or depreciation in the property decreed to be in his hands, and the finding of the court of probate upon the settling of the account should expressly or by necessary implication have determined the fact that he was entitled to those credits. Perhaps the decree was reversible for that reason, but there are not sufficient facts upon the record to show precisely what the decrees appealed from were. If the trustee was in fact entitled to credits to the amount of $630.98, as an offset to the balance found to be in his hands on the settlement of his executor's account, and that appears expressly or by necessary implication to have been found and allowed by the court in the settlement of the trustee account, the error in respect to form was not a fatal one.

The Superior Court was acting as an appellate court to determine the correctness of the trustee accounts, and was bound to give such credits as the probate court should have given, and received such evidence in relation to them as the probate court should have received.

For these reasons we think the Superior Court should have received the evidence offered by the appellee, and that because of its rejection a new trial must be granted.

It is not necessary that we should express an opinion upon the other questions raised, but it is proper under the circumstances that we should do so in respect to the third reason of appeal briefly.

The second issue raised by the reasons for appeal does not appear to have been pursued in the court below, and does not require notice.

The issue raised by the third reason for appeal was decided by the court below in favor of the appellee, and, we think, correctly. At the time that the transfer of the property to Emma was made the previous contingent trust was determined, and the trustee under the will had power to transfer to her absolutely the whole or any part of the estate at his discretion. The court has found no fraud or improper con-. duct on the part of the trusteeè, nor anything unreasonable in the exercise of his discretion, and certainly it is not our province to do it. In the determination of that issue by the court below there is no error.

In relation to the issue raised by the fourth reason of appeal, we express no opinion, except to advise the Superior Court, before a new trial shall be had, to cause Sarah O. Scl- lew to be made a party in the case, that she may have an opportunity to be heard in relation to her rights.

In this opinion the other judges concurred.