NATHAN G. SACHS, RECEIVER OF NEWARK COMPANY vs. DAVID H. FEINN ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 6th, 1935—decided January 8th, 1936.

*Walter W. Smyth,* with whom, on the brief, were *Samuel J. White* and *John H. Cassidy,* for the appellants (defendants).

*Benjamin F. Goldman,* with whom, on the brief, was *Claude B. Maxfield,* for the appellee (plaintiff).

HAINES, J. It is alleged that the three defendants Feinn and defendant George Weledniger were the officers and directors and the owners of all the stock of the Newark Company, which had assets of about $49,000 and debts of something over $40,000; that they constituted themselves on January 6th, 1928, trustees under the statute for the winding up and dissolution of that corporation; that at the same time they organized another corporation to be known as The Feinn Distributing Company, to take over the assets of the Newark Company; that thereafter the three defendants Feinn and the defendant The Feinn Distributing Company, misappropriated and wrongfully and illegally took over to themselves, merchandise, automobiles, equipment, accounts receivable and cash belonging to the Newark Company for the purpose of cheating and defrauding the creditors of the latter company; that they otherwise fraudulently and illegally managed the dissolution by preferring certain creditors, and appropriated, wasted and dissipated the assets of that company so that they were reduced from about $49,000 to about $19,000.

The complaint was dated July 26th, 1928. Defendants filed a motion for a more specific statement September 15th, 1928. This was in part granted, and a more specific statement was filed April 27th, 1932, and amendments thereto November 4th, 1933, and March 31st, 1934. On January 18th, 1934, the defendants filed a general denial of all the allegations of the complaint "and the more specific statements filed in connection therewith." On April 21st, 1934, defendants filed a motion to strike out the last amendment to the more specific statement, and this motion

was denied. On May 19th, 1934, each of the four defendants then filed a demurrer to the complaint and these were stricken out by the court May 25th, 1934, upon motion of the plaintiff, and the four defendants then filed separate answers denying all the allegations of the complaint "and amendments thereto." The court gave a judgment for the plaintiff for $16,258.04, and by reference to the memorandum of decision which is made a part of the finding, it appears that this judgment was based upon but three of the eight items upon which the plaintiff relied, viz.:

| | |
|---|---:|
| Checks paid from trustees' funds .... | $ 2842.44 |
| Difference in value of merchandise sold | 5416.55 |
| Difference in value of trucks and fixtures ......................... | 3317.81 |
| Interest from July 1st, 1928 ........ | 4681.24 |
| | $16,258.04 |

It is assigned as error that the defendants' demurrers were stricken out. Having filed a general denial to the complaint on January 18th, 1934, the defendants undertook to demur to the complaint on May 19th, 1934. By filing their answer the defendants had waived their right to question the legal sufficiency of the complaint by demurrer and it does not appear that the answer was withdrawn or that the court was asked to vary the order of the pleadings. Practice Book, §§ 83, 84, 86.

Another assignment of error is the refusal of the court to grant the defendants' motion for a more specific statement. An examination of the motion shows that many of the requests therefor are overlapping and some of the claims in different paragraphs are practically identical. The court granted the motion in part only. To what extent it should do so

was a matter which rested in the sound discretion of the court, and considering the nature of the action, we cannot say that that discretion was unfairly or improperly exercised. *Dombroski* v. *Abrams,* 116 Conn. 454, 455, 165 Atl. 467; *Ferguson* v. *Cripps,* 87 Conn. 241, 246, 87 Atl. 792; *Prince* v. *Takash,* 75 Conn. 616, 619, 54 Atl. 1003.

Error is claimed in the refusal of the court to strike out the amended complaint on motion of the defendants. We assume this refers to the motion which sought to strike out the last amendment of the more specific statement. This amendment did not vary the allegations of the complaint or of the prior specifications and was but a fuller compliance with the previous order of the court. It could hardly have been harmful to the defendants and in any event, its refusal to strike it out was a matter resting in the sound discretion of the court.

Another assignment of error is the failure of the court to grant twenty-seven paragraphs of a request for a finding. Many of these claims, in whole or in part, appear in the finding itself. Some of them are merely recitals of evidence, and one is a claim of law, and the remainder cannot be said to be admitted or undisputed facts. A careful study of the entire evidence discloses that none of these claimed facts which were of a material character and of value to the defendants, were undisputed at the trial.

It is assigned as error that the court found without evidence that the Feinn Company was organized by the defendants to take over and continue the business of the Newark Company, and that it did so. There is evidence which justifies this finding.

It is further assigned that the court found without evidence that the values given in the inventory were the actual values of the property in the hands of the

trustees on January 10th, 1928. It appears from the evidence that the trustees under date of January 16th, 1928, filed in the Superior Court in New Haven, an "Inventory of Assets and Liabilities as of January 10th, 1928," with schedules attached listing the debtors and creditors of the company and the amounts due from and to each, respectively. They were obviously proceeding under General Statutes, Rev. 1918, § 3447 as amended and then in force. This statute required that the inventory contain inter alia a list of the "assets" of the corporation in their hands. Only by stating these at their true value could the purpose and intent of the statute be met. We may not assume that these assets with which they thus charged themselves, were grossly overvalued to avoid showing the company to be insolvent and thus within the jurisdiction of the bankruptcy court. On the contrary, the values given must be assumed to be what they purport to be, true and actual, and the trial court rightly acted upon this presumption. A trustee is chargeable in the first instance with the value of the property coming into his hands as shown by his inventory, together with all accretions thereto while in his hands. 65 C. J. p. 782, § 653, p. 822, § 703, p. 887, § 786; *McKim* v. *Hibbard,* 142 Mass. 422, 8 N. E. 152. If it later appears by adequate evidence that, acting with reasonable discretion and judgment and in good faith, he has incurred a loss upon the sale of the property, or that its actual value was in fact less than the inventory value, he is entitled to a credit for the difference. 65 C. J. p. 909, § 804; *Sellew's Appeal,* 36 Conn. 186. It is true that the defendants' evidence given on the trial was that the values given by them in their inventory were not in fact the true and actual values, but it being the function of the trial court in the present case to determine all questions of credi-

bility, it was its duty to balance the present claims of the trustees against their former statement in the inventory, and the conclusion that the inventory figures represented the real values was a proper one which we cannot disturb.

Error is assigned for overruling five "claims of law," but an examination of them shows that they are, rather, claims of fact and as such they have no place in this part of the record.

After proof that the original had been lost or mislaid, the plaintiff offered in evidence a paper purporting to be a duplicate original of the inventory which had been filed in the court by the trustees showing the assets and liabilities of the Newark Company as of January 10th, 1928, four days after they had assumed charge of the company's affairs. The defendants objected to its admission on the ground that it had not been sworn to as required by the provisions of § 206 of the Practice Book. That rule provides that "if any file or pleading be mislaid, lost or destroyed the clerk may permit the original duplicate or a sworn copy to be substituted therefor in the files, and such substitution shall be certified by the clerk thereon." As regards the present case, this paper was not a file or pleading, but a piece of evidence in support of the allegations of the complaint. There was no error in admitting it for the purpose for which it was offered.

One of the important claims of the defendants is that the court erred in rendering judgment as it did, upon the facts contained in the finding. Of the eight reasons which the defendants assign in support of their contention, the first is that Weledniger was one of the winding-up trustees as stated in the complaint, but was not made a party to the present action. Where the trustees of a corporation in dissolution are charged with misappropriation or improper use of the

corporate funds or with acting in excess of their powers or in violation of their duties as trustees, they may be held jointly and severally liable therefor. Judgment will lie against one or all under such circumstances. 14a C. J. p. 1173, §§ 3841, 3842; *Sprague-Brimmer Mfg. Co.* v. *Murphy Furnishing Goods Co.*, 26 Fed. 572; *Windmuller* v. *Spirits Distributing Co.*, 83 N. J. Eq. 6, 90 Atl. 249.

The second ground alleged is, that the judgment being based on fraud, it was improper as regards the defendants Benjamin and George Feinn because the evidence did not show that they participated in, or had any knowledge of, the alleged fraudulent proceedings. As relates to the three items included in the judgment as above stated, the finding shows that on January 10th, 1928, the trustees had in their hands as part of the assets of the Newark Company, merchandise valued at $6791.55, and on the following day sold it to the defendant David Feinn, who purchased it for the Feinn Distributing Company which had been formed by the trustees for continuing the business theretofore conducted by the Newark Company, for $1375.

They also had, on January 10th, certain trucks and automobiles, the equity in which was valued in their inventory at $5366.86, and certain furniture and fixtures valued at $350, and it is found that after an advertisment of a proposed public sale of the automobiles, trucks and fixtures in one of the New Haven papers, they received some bids, but sold it all to a dealer in bankrupt stocks for "$3317.81 less than the fair market value as set forth in the inventory." Those valuations being a total of $5716.86, the sale of these two items of property therefore netted $2399.05. Within a few days all these goods were turned over to the defendant David Feinn for the

Feinn Distributing Company at the same price plus a bonus to the dealer of $25.

These transactions, on their face, furnished a sufficient presumptive basis for a judgment against the trustees for fraud, and failing by their evidence to rebut this presumption, a judgment against them would lie. In an action of this character, the burden is on the trustee of "affirmatively showing that the transaction was entirely fair, made in good faith, for an adequate consideration and upon a full understanding. This burden arises . . . out of the trust relation. It is a rule of fairness. A fiduciary claiming a benefit from his dealing with his cestui que trust, should be made to prove that he dealt in fairness and under the conditions prescribed by law. The full knowledge of the transaction is within his possession; he can and he must assume the burden of its proof." *Sisk* v. *Jordan Co.*, 94 Conn. 384, 390, 109 Atl. 181; *Nichols* v. *McCarthy*, 53 Conn. 299, 319, 23 Atl. 93; *State* v. *Culhane*, 78 Conn. 622, 628, 63 Atl. 636.

The fourth reason is that it was not shown that these defendants acted in bad faith, or themselves profited by the transaction. If they made it possible for their new company to acquire this trust property for less than one-third its actual value, it is fair proof of both these claims of bad faith and personal profit, in the absence of adequate evidence to the contrary. It must not be overlooked that it was not for the plaintiff to prove bad faith, but for the defendants to produce evidence necessary to show good faith.

The fifth reason is that the court was not justified in giving judgment for $2842.44, which was the amount paid from the trustees' fund to the Merchants National Bank, and that in any event the trustees should have been allowed a reduction of 35 per cent. which was the amount of the dividend paid to creditors by

the trustees. This money was paid to the bank in which the Newark Company account was being carried, to reimburse it for some checks which had been drawn by the company in favor of certain creditors on various dates before January 6th when the vote to dissolve was taken. They were paid by the bank although there was not sufficient company funds on deposit with the bank to meet them. The bank thereafter presented a claim to David Feinn, a trustee, for that amount, and he paid it. The finding does not state when the bank paid the checks, but an examination of the bank statement which appears as an exhibit and is made a part of the finding, shows that there were seven of the checks, and that they were paid by the bank on various dates from January 12th to 30th, both inclusive. This was after the vote to dissolve had been taken and all the assets of the company had become a trust fund in the hands of the trustees for the benefit of its creditors, who were entitled to share pro rata. General Statutes, § 3471; *DeNunzio* v. *DeNunzio,* 90 Conn. 342, 348, 97 Atl. 323; *Davis* v. *Hemming,* 101 Conn. 713, 723, 127 Atl. 514.

The payment to any one creditor of more than his pro rata share of the assets, is an obvious breach of duty on the part of the trustees, and at least to the extent to which other creditors were injured by such payment, trustees are liable. Under some circumstances it is possible that if trustees have, under a mistake as to their rights and obligations and in good faith, paid the claim of a creditor in full, equity may decree an allowance of such an amount as the creditor would have received as his pro rata share. To invoke such relief, however, it is necessary to show that the party paid was in fact a creditor. The claim of this bank arose after the vote to dissolve the Newark Company, and in such case, as in that of a receivership,

when the proceedings for dissolution have become effective, the status of the claimants upon assets ordinarily becomes fixed, and new obligations cannot be created except as incident to the process of settling the estate. There is no finding that the bank was ignorant of the vote to dissolve, at the time it paid these checks, and under such circumstances it could not by its own act in paying them, create for itself the status of a creditor and become entitled to share in the assets of the company. It also follows that the trustees were not entitled to a reduction of 35 per cent. of the sum which was paid the bank, since the bank was not entitled to a dividend in any event.

The sixth ground of objection to the judgment is that the court was not justified in holding that the defendants had failed to sustain the burden of showing good faith. This has already been disposed of by what has been said.

The seventh reason is that the judgment is improperly based upon a rule of damages that fixes the amount as the difference between the inventory values and the prices received, since there was no evidence of what the property would have brought if there had been no fraud. The meaning intended by this statement is not clear. What the property would have brought on a sale under proper conditions with the trustees acting in good faith, is outside the present inquiry. The court found the inventory values were the actual values, and as already indicated, we cannot change that conclusion since it was one the court was privileged to draw from all the evidence. The sale of all this property within a few days as here shown, makes it clear, in the absence of sufficient credible evidence to the contrary, that the Feinn Company, by the acts of these trustees, received all of it, of the value of $12,508.41 by the payment of but $3774.05

which was less than one-third of its actual value as fixed by themselves a few days before.

The essential and controlling question in the case on the whole, is whether these transactions, which in part, caused the reduction of the trust funds from about $49,000 to about $19,000, were carried out in fraud and bad faith by these defendants. They called for proof on their part, of good faith and fair dealing. Upon all the evidence before it, the trial court has found that this proof was not produced and our study of the evidence justifies the conclusion reached by the trial court. It was the duty of that court therefore to give judgment in favor of the plaintiff receiver who is now representing the creditors, against the trustees responsible for these transactions.

There is no error.*

In this opinion the other judges concurred.

---

* Note: There appears to be a clerical oversight in making up the judgment-file, which runs against "the defendants" without specifying any of them. The Feinn Distributing Company appears of record as one of the defendants, but the memorandum of decision expressly stated that the judgment should be rendered in its favor. The judgment-file fails to note this fact. We refer to this matter because it apparently has been overlooked, and The Feinn Distributing Company may desire to take the necessary steps to have the judgment-file corrected. *Gruber* v. *Friedman,* 104 Conn. 107, 132 Atl. 395.