WALTER R. KWIECHIEN *v.* BERNARD GORDON ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 104

Argued December 10, 1975—decided May 28, 1976

*William J. Butler,* for the appellant (defendant Martin).

*James J. Alaimo, Jr.,* for the appellee (plaintiff).

Per Curiam. The plaintiff brought this action to recover a deposit paid toward the purchase of a parcel of land against Bernard Gordon, doing busi-

ness as Gordon Realty Company, Inc.,[1] and Erle Martin III, doing business as Gulf Land Company. Pursuant to an agreement entered into by the plaintiff and Gulf Land Company, the plaintiff's $5000 deposit was to be returned to him if certain conditions were not met. The action was tried to the court which concluded that the plaintiff was entitled to have his deposit returned because the conditions of the agreement were not satisfied and that the plaintiff was entitled to recover from both defendants as partners in Gulf Land Company. Accordingly, judgment was rendered for the plaintiff.

Only the defendant Martin has appealed from the trial court's judgment. The principal issue raised by this appeal is whether there was a fatal variance between the plaintiff's pleadings and the proof. The defendant also claims that the complaint was insufficient to state a cause of action against him[2] and that the trial court erred in failing to correct the finding in accordance with the defendant's motion to correct and in the conduct of the trial.

The defendant claims that the evidence offered at the trial was that the deposit was paid to the defendants as partners while the complaint alleges that the deposit was paid to the defendants and was to be held in escrow. He argues that that is a fatal variance which requires reversal. "Where the difference between the allegations and the proof . . . is so substantial that the adverse party is misled

---

[1] The action had been brought against Gordon Realty Company, Inc., and an appearance, answer, and certain admissions were made on behalf of Gordon Realty Company, Inc. During the course of the trial it was noted that no such corporation existed and the parties stipulated to a change in the designation of the defendant Gordon Realty Company, Inc., to Bernard Gordon, doing business as Gordon Realty Company.

[2] The only remedy to test the legal sufficiency of a cause of action is a demurrer. Practice Book § 106. The defendant waived the right to raise that issue by filing an answer to the complaint.

by the averment and would be prejudiced on the merits of the case, it may be held to be a fatal variance." *Reciprocal Exchange* v. *Altherm, Inc.,* 142 Conn. 545, 552; *Klein* v. *DeRosa,* 137 Conn. 586, 591.

Even though the complaint in this action was poorly drafted, the defendant Martin was not misled or prejudiced on the merits of the case. From the fact that the action was brought against Erle Martin III, doing business as Gulf Land Company, and from the third and fourth paragraphs of the complaint which allege, inter alia, that the plaintiff negotiated with, entered into an agreement with, and paid a deposit of $5000 to the defendants, the defendant Martin was sufficiently apprised of the theory of the plaintiff's case. Although the complaint did allege that the deposit was to be held in escrow, that did not alter the allegation that it was paid to the defendants. The defendant Martin knew how the money was being held since he was associated with the defendant Gordon. "Justice is not served by accepting a claim of variance from a party who at all times has been in a position of knowing the true state of facts. *Willey* v. *Boston Electric Light Co.,* 168 Mass. 40, 43 . . . ." *Schaller* v. *Roadside Inn, Inc.,* 154 Conn. 61, 67. Although the complaint was at variance with the subsequent proof of how the deposit was held, we conclude the element of prejudice was not present and the variance was immaterial. Ibid.

The defendant attacks the court's findings in two respects. First, he claims that certain paragraphs, which find that there was a partnership and that the defendant Martin received half of the deposit, should be stricken because they are not supported by the evidence. That claim has no merit. Findings must stand if they find reasonable support in the evidence or in reasonable inferences from the facts

proven. *Dunn* v. *Santino,* 139 Conn. 352, 355. A material finding of fact will be stricken only if it was found totally without evidence. The paragraphs which the defendant attacks are supported by the evidence and must stand.

The defendant also claims that the court erred in failing to add seven paragraphs to the finding. Facts cannot be added to the finding unless they are relevant and are material facts which are admitted or undisputed. Practice Book § 567L; *Cassella* v. *Allen,* 24 Conn. Sup. 4, 6, 1 Conn. Cir. Ct. 345, 347; Maltbie, Conn. App. Proc. § 158. A finding will not be corrected on the ground that a fact was admitted or undisputed merely because a fact that has been testified to has not been directly contradicted by an adverse witness. The credibility of the witnesses is judged by the trier. *Stoner* v. *Stoner,* 163 Conn. 345, 347; *LaReau* v. *Warden,* 161 Conn. 303, 305. The party moving to correct the finding must show that the truth of the fact was admitted or undisputed. *Martin* v. *Kavanewsky,* 157 Conn. 514, 515. Most of the facts which the defendant seeks to add are not material and the record does not disclose that the truth of those facts which are material was admitted or undisputed. The trial court did not err in refusing to correct the finding.

Finally, the defendant claims that the trial court erred in making certain statements during the course of the trial and in refusing to permit the defendant to file a brief or state his claims of law for the record. The trial court is vested with broad discretion in the conduct of the trial. We conclude that the actions of which the defendant complains do not constitute an abuse of that discretion.

There is no error.

Speziale, D. Shea, and Sponzo, Js., participated in this decision.