CITY OF KANSAS CITY, Missouri, Plaintiff-Respondent,

v.

James E. CARTER, Jr., Defendant-Appellant.

No. WD 30751.

Missouri Court of Appeals, Western District.

Oct. 29, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 3, 1979.

Application to Transfer Denied Jan. 15, 1980.

James E. Carter, Jr., pro se.

Aaron A. Wilson, George L. DeBitetto, Kansas City, for plaintiff-respondent.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

KENNEDY, Judge.

Defendant James E. Carter, Jr., was convicted in the Municipal Court of Kansas City, Missouri, of doing business without an occupation license, a violation of Kansas City's municipal ordinance, Section 21.20, Code of General Ordinances. His punishment was assessed as a fine of $100. A trial upon appeal to the Circuit Court of Jackson County had the same result, and an appeal from the judgment in the latter court brings the case to us.

Defendant has acted *pro se* throughout.

Defendant does not deny that he operated in Kansas City, Missouri, during the period in question, the calendar year 1978, a business known as Cheshire Bed Company, engaged in the manufacture of "vertically stored beds". He does not deny that the ordinance under which he was charged was in full force and effect, nor that he failed, in violation of its terms, to purchase the license.

His claim upon this appeal is, first, that the trial court "denied him an opportunity to properly prepare a defense on constitutional grounds".

This complaint evidently refers to the defendant's request, made after the City had rested its case, as follows:

"With the permission of the Court, I would like to have the opportunity to submit Xeroxed copies of some information which I do not have available to submit to the Court at this time. It includes case citations regarding liberty as secured by the Preamble of the United States Constitution, case citations whereby the rights of an individual are not subject to taxation."

The defendant, after the court explained what constituted evidence, had declined to present any evidence, saying he wished to present "only constitutional defenses".

The court declined to defer his judgment in the case, but proceeded to find defendant guilty and to assess the fine already mentioned.

■ The trial court was not obliged to await defendant's brief or "Xeroxed information" and was well within his discretion in proceeding to announce his findings. *Kwiechien v. Gordon*, 33 Conn.Sup. 638, 365 A.2d 118, 121 (1976); Annot., 86 A.L.R.2d 1233 (1962).

Defendant afterwards on September 5, filed his "Motion for New Trial/Verdict" which was accompanied by "Supplementary Suggestions to Defendant's Motion to Dismiss". In the latter document, he advanced an argument based upon the Fifth Amendment to the Constitution of the United States, that he could invoke the privilege against self-incrimination to withhold his business books and records from audit by the city auditors. Attached thereto were some photocopied pages from Am.Jur.2d. The court stated upon the hearing on the motion for new trial on September 14, that he had read the same. The defendant said he had nothing more to offer. The court thereupon overruled the motion for a new trial.

The motion for a new trial and the hearing thereon gave the defendant an opportunity to present any arguments he believed the court had failed to consider on the trial. Perhaps the material he presented upon the hearing on the new trial motion was that which he had asked at the trial to be allowed time to submit.

Defendant's brief here also contains several abstract statements of constitutional law, which preserve nothing for review. Rule 84.04(d); *Brewer v. Blanton*, 555 S.W.2d 381, 386 (Mo.App.1977).

■ The court has *ex gratia*, examined defendant's criticisms of the city ordinance and notes that there is no constitutional prohibition of a municipal corporation's laying an occupation license tax on businesses, measured by gross receipts, pursuant to authority granted by the state. *Carmichael v. Southern Coal & Coke Co.*, 301 U.S. 495, 508–9, 57 S.Ct. 868, 81 L.Ed. 1245 (1937); *American Mfg. Co. v. City of St. Louis*, 250 U.S. 459, 463, 39 S.Ct. 522, 63 L.Ed. 1084

(1919); *People v. Bates*, 276 A.D. 38, 93 N.Y.S.2d 313, 315 (1949); 71 Am.Jur.2d, State & Local Taxation, § 392 (1973). State authority is contained in Section 92.040, RSMo 1978, and Article I, Section 57 of the City Charter of the City of Kansas City. None of defendant's cases hold that the power does not allow taxing individual proprietorships as well as corporations.

The judgment is affirmed.

All concur.