[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The defendants have filed said motion as to the third and fifth counts of the complaint. The ground for the motion is that "said counts do not set forth a cause of action upon which relief may be granted." The gravamen of this motion is clearly that the complaint's third and fifth counts as written are legally insufficient. The proper procedure for attacking the pleadings is a motion to strike. Mingachos v. CBS, Inc.,196 Conn. 91, 108.
"By filing their answer, the defendants have waived their right to question the legal sufficiency of the complaint by a demurrer" (now a motion to strike). See Sacks v. Feinn,121 Conn. 77, 80. A party who files a pleading in the inverse order is deemed to have waived the filing of a motion to strike. Daley v. Gator, 16 Conn. App. 379, 389.
While the defendant has waived its claim of right to attack the legal sufficiency of the pleadings, the Court retains the discretion to hear a motion out of order. See Sabino v. Ruffalo, 19 Conn. App. 402, 404.
There is some authority for the proposition that a Court may consider a motion attacking the pleadings as one for summary judgment. See Boucher Agency, Inc. v. Zimmer, 160 Conn. 404,409.
Since the Court has chosen to suspend the sanction of Conn. Practice Book Section 113, and to hear and decide the motion as a motion to strike, the sole issue is, should it then be granted.
The case of Mead v. Burns, 199 Conn. 651 (1986), is cited by the defendant GA in its memorandum in support of summary judgment. This case is properly relied on by the defendant for the proposition that Conn. Gen. Stat. 38-61 (CUIPA) is an exhaustive list of the grounds upon which an insurer may be sued for unfair trade practices pursuant to Conn. Gen. Stat. 42-110(b) et seq. (CUTPA). Mead v. Burns, 199 Conn. at 661-65. It is clear that the defendant has overstated the inextricable nature of the CUTPA claim and the CUIPA list of violations; if the complaint, liberally construed, alleges facts which bring the action within the ambit of CUIPA, there is no requirement in statutory or case law that the precise applicable sections of CUIPA be specifically pleaded. Mead merely refers to "conduct that constituted a violation of CUIPA" (id. at 657); or "conduct that does not violate CUIPA" (id. at 633). What is necessarily implied from the language of pleading need not be expressly CT Page 3566 alleged. d. Wright v. Brown, 167 Conn. 464, 470 (1975). "If any facts provable under its allegations would support a cause of action, the demurrer must fail." Cyr v. Brookfield, 153 Conn. 261,263.
Conn. Gen. Stat. 38-61 (CUIPA) "enumerates fifteen [actually 16] categories of acts deemed as unfair within the scope of the CUPTA [sic] statute. . ." Defendant's Memo, p. 2. Subsection 15 of Conn. Gen. Stat. 38-61 reads as follows:
 (15) Failure to pay accident and health claims within forty-five days of receipt by an insurer of the claimant's proof of loss unless the insurance commissioner determines that a legitimate dispute exists as to coverage, liability or damages or that the claimant has fraudulently caused or contributed to the loss. Any insurer who fails to pay such a claim within the forty-five day period shall pay the claimant the amount of such claim plus interest at the rate of twelve per cent per annum, in addition to any other penalties which may be imposed pursuant to this chapter.
There is no evidence in the record of any finding by the insurance commissioner. It is found that the third and fifth counts, while perhaps imprecise and containing extraneous allegations, do allege deceptive practices. (Paragraphs 22-24, 26 and 32-36) and failure to pay a claim as section 38-61, subsection 15 mandates (Paragraph 11, incorporated by reference into the third count and fifth count).
For the foregoing reasons, the motion for summary judgment is denied.
WILLIAM J. McGRATH, J.