[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT (No. 137.01)
This motion for summary judgment comes to the Court in a confusing procedural context. Briefly stated, the motion is something of a hybrid. Part of it is a true motion for summary judgment supported by appropriate documents. Part of it, however, as the defendants conceded at argument, is a motion to strike, unsupported by appropriate documents and essentially attacking the plaintiffs revised complaint for failure to state a cause of action. To make matters more complicated, the parties have already litigated a motion to strike in this very case, albeit a motion based on somewhat different grounds, before a different judge (Levin, J.), who has granted the motion in part and denied it in part. Following that decision, the plaintiff filed a revised complaint and the defendants filed an answer. As a final complication, the plaintiff conceded at argument that two of her counts, each of which assert two different statutory causes of action, must be revised, both because of their impermissible mixture of causes of action and because one of the statutory causes of action asserted in both counts is precluded by the applicable statute of limitation. After briefly describing the procedural history of the case, this opinion will consider the motion along the lines suggested in this introductory paragraph. It will first consider the counts that concededly must be revised. It will next consider that portion of the motion before the court that is a true motion for summary judgment, that is a motion supported by appropriate documents. It will finally consider that part of the motion that is essentially a motion to strike.
This action was commenced by service of process on May 3, 1996. Joanne Kent ("Kent") is the sole plaintiff. She has named three defendants: Francis A. Sartiano, P.C. (the "P.C."); Francis A. Sartiano ("Sartiano"); and Andrea Avitable. Sartiano and his P.C. are the only defendants involved in the motion now before the Court. On November 5, 1996, Sartiano and the P.C. filed a motion to strike (no. 111). On September 11, 1998, Levin, J. filed a memorandum of decision, granting the motion in part and denying it in part (no. 130). On September 25, 1998, Kent filed the revised complaint now before the Court (no. 131).
The revised complaint consists of seven counts, but only the first five counts, directed against Sartiano and the P.C., need be considered here. Count One, directed against the P.C., asserts statutory causes of action under Conn. Gen. Stat. §§ 31-51m 31-51q. Count Two, directed against the P.C., asserts a common CT Page 12254 law cause of action for breach of an implied covenant of good faith and fair dealing. Count Three, directed against Sartiano, asserts statutory causes of action under §§ 31-51m 31-51q. Count Four, directed against Sartiano, asserts a tort claim for wrongful discharge in violation of public policy. Count Five, directed against Sartiano, asserts a common law action for breach of an implied covenant of good faith and fair dealing. The gist of all of these claims is Kent's allegation that she was fired from her job as a receptionist for
Sartiano and his P.C. because she reported certain unfair and illegal insurance practices to several insurance companies and to an insurance investigator for the National Insurance Crime Bureau. Sartiano and his P.C. filed an answer to the revised complaint on October 6, 1998 (no. 132). They subsequently filed the motion for summary judgment now before the Court on May 14, 1999. The motion is supported by certain documentation suggesting that Kent was not, in fact, discharged. In other respects, as the defendants conceded at argument, it is essentially a motion to strike, arguing that Kent's common law causes of action cannot be sustained as a matter of law. The motion was initially argued on July 26, 1999. At the conclusion of that argument, the Court ordered supplemental briefing on certain issues. Following the submission of supplemental briefs, the motion was reargued on September 7, 1999.
I. Kent conceded at reargument that the combination of two distinct statutory causes of action — in this case, causes of action based upon both Conn. Gen. Stat. § 31-51m and Conn. Gen. Stat. § 31-51q — in a single count is inappropriate. She further conceded that she cannot, in any event, assert a statutory cause of action alleging a violation of Conn. Gen. Stat. § 31-51m because she has failed to comport with the ninety day statute of limitation contained in §31-51m(c). The Court consequently orders Kent to file a second revised complaint within fifteen days of this decision, revising Counts One and Three so that they assert statutory causes of action based on Conn. Gen. Stat. § 31-51q alone.
II. The portion of the motion for summary judgment now before the court that is truly a motion for summary judgment — that is, a motion supported by appropriate documents — can be dealt with rather swiftly. Sartiano and his P.C. have submitted documents indicating that Kent was never discharged. Kent has submitted other documents indicating that she was indeed CT Page 12255 discharged. There is plainly a genuine issue of material fact on this issue, and the motion for summary judgment cannot be granted on this ground.
In addition, Sartiano and his P.C. argue that Kent's statutory cause of action based on Conn. Gen. Stat. § 31-51m
is precluded by the applicable statute of limitation. As already discussed, Kent concedes as much, and this point is adequately answered by the order given in section I of this decision.
III. The remainder of the motion for summary judgment is essentially a motion to strike masquerading as a motion for summary judgment. The defendants contend, by legal argument unsupported by factual submission, that they are entitled to judgment as a matter of law. The problem with this approach is not merely one of nomenclature. The Court plainly has discretion to disregard nomenclature, treat a motion for summary judgment as a motion to strike, and enter appropriate orders. The problem is that the defendants here have already had their bite at the motion to strike apple. They filed a motion to strike in this very case almost three years ago and litigated it before a different judge, who granted it in part and denied it in part. The legal arguments that they now assert could easily have been presented in their initial motion. In addition, the defendants filed an answer to the revised complaint prior to filing the motion now before the court. Under these circumstances, they are precluded from pursuing that portion of their motion that is, as they concede, a second motion to strike in all but name.
This preclusion is required by two different considerations. First, as Hodgson, J. has persuasively explained, a defendant who has failed to raise all of his grounds for striking a complaint in his initial motion to strike is precluded by the Practice Book rules of pleading from filing a second motion to strike asserting additional grounds. Hartt v. Schwartz, 11 Conn. L. Rptr. No. 6, 203 (April 18, 1994). See 1 WESLEY W. HORTON KIMBERLY A. KNOX, CONNECTICUT PRACTICE 330 (4th ed. 1998). Second, as already mentioned, the defendants here filed an answer prior to filing the motion now before the Court. "By filing their answer the defendants . . . waived their right to question the legal sufficiency of the complaint." Sachs v. Feinn, 121 Conn. 77, 80,183 A. 384 (1936). "If the facts proved by the plaintiff on the trial under the allegations of the complaint should not make a basis of recovery, the defendants could, after the plaintiff [rests her] case, ask for . . . a directed verdict in their CT Page 12256 favor." Ohlin v. Kowner, 96 Conn. 394, 400, 114 A. 117 (1921).
For the reasons stated above, the plaintiff is ordered to file a second revised complaint within fifteen days of this decision in accordance with part I of this opinion. The motion for summary judgment is denied.
Jon C. Blue Judge of the Superior Court