[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#125)
 Facts
The complaint in this mortgage foreclosure action was filed by the plaintiffs, David Cho Yee Young and Irwin K. Liu, Jr., on July 13, 1999. In the complaint, the plaintiffs allege that the named defendant, North Stonington Development Associates, LLC, mortgaged two pieces
of property in North Stonington to the plaintiffs as security for a promissory note, and that the note is in default by virtue of nonpayment of the installments due on May 1, 1999, and each
and every month thereafter. The plaintiffs further allege that each of the remaining defendants, including Charles J. Gattoni, "may claim an interest in the premises by virtue of and through an alleged interest in the defendant North Stonington Development Associates, LLC."
On December 23, 1999, the defendant Charles J. Gattoni filed an answer including seven special defenses. The plaintiffs filed a motion to strike the first, second, third, fourth and seventh special defenses on February 7, 2001. The motion is accompanied by a memorandum of law. On February 20, 2001, Gattoni filed an objection and memorandum of law in opposition to the motion to strike.
 Discussion
"Whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof" Practice Book § 10-39(a). "A motion to strike challenges the legal sufficiency of a pleading. . . . [I]t admits all facts well CT Page 11489 pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . . The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." (Citations omitted.) Mingachosv. CBS, Inc., 196 Conn. 91, 108-109, 491 A.2d 368 (1985). "We are limited . . . to a consideration of the facts alleged in the [pleading]. A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle, 38 Conn. App. 360, 364, 660 A.2d 871
(1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835 (1996). "[G]rounds other than those specified should not be considered by the trial court in passing upon a motion to strike. . . ." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 259,765 A.2d 505 (2001).
The first special defense alleges in full as follows: "The court lacks subject matter jurisdiction to hear this matter as the mortgagor alleged in the complaint did not have legal title to the real estate mortgage at the time of the execution of the mortgage." The plaintiffs first move to strike the first special defense on the ground that a claim of lack of subject matter jurisdiction should be raised by way of a motion to dismiss rather than by special defense. A motion to dismiss is the proper method for challenging the court's jurisdiction. See Practice Book §10-31. Nevertheless, in addition to the legal conclusion regarding the court's subject matter jurisdiction, the first special defense also contains the allegation that "the mortgagor alleged in the complaint did not have legal title to the real estate mortgage at the time of the execution of the mortgage." While the plaintiffs are correct that a claim of subject matter jurisdiction is not properly raised by way of special defense, they fail to address whether the remaining allegations of the first special defense constitute a legally sufficient defense. The motion to strike therefore may not be granted on this ground.
The plaintiffs next move to strike the first special defense on the ground that any title issues existing with regard to the subject premises are the product of Gattoni's own illegal acts. Because this claim is based entirely on a fact not alleged, i.e. Gattoni's illegal acts, it constitutes an impermissible speaking motion to strike and cannot be granted. See Doe v. Marselle, supra, 38 Conn. App. 364. The motion to strike is therefore denied as to the first count.
Because the plaintiffs set forth the same grounds for striking the second, third and seventh counts, the court will address those counts together. The second special defense alleges: "The plaintiffs' alleged CT Page 11490 mortgage and note as alleged in the complaint is void and without force of law as the individual who executed the alleged mortgage and note on behalf of the defendant North Stonington Development Associates, LLC, had no legal authority to do so at the time of the entering into of the mortgage." The third special defense alleges: "The plaintiffs' action is an abuse of process and part of an ongoing conspiracy between the plaintiff and other parties to defraud the defendant Charles Gattoni out of his interest in the defendant, North Stonington Development Associates, LLC and the subject property." The seventh special defense alleges: "The plaintiffs' complaint fails to state a claim on which relief can be granted in that based on information and belief the defendant North Stonington Development LLC did not at any time receive funds from the plaintiffs in exchange for the note and mortgage at issue in this matter, therefore the defendants were under no obligation to make principal and interest payments."
The plaintiffs move to strike the second, third and seventh counts on the grounds that (1) Gattoni seeks to benefit from his own illegal actions, (2) Gattoni is not a signatory of the note and mortgage nor a guarantor of the note, and (3) these special defenses involve internal disputes of the defendant North Stonington Development Associates, LLC, which have no bearing on the foreclosure action. The plaintiffs' motion to strike as to those three counts therefore relies entirely on facts not alleged. As stated above, this court will not grant a speaking motion to strike. The motion is therefore denied as to the second, third and seventh counts.
The fourth special defense alleges: "The plaintiffs' complaint fails to state a claim on which relief can be granted by reason of the plaintiff's failure to name all interested and necessary parties as defendants." The plaintiffs move to strike the fourth special defense on the ground that the plaintiffs' alleged failure to name all necessary parties should have been raised by way of a motion to strike. Practice Book § 10-39(a) provides in relevant part: "Whenever any party wishes to contest . . . (3) the legal sufficiency of any . . . complaint, counterclaim or cross complaint, or any count thereof, because of the absence of any necessary party or, pursuant to Section 17-56 (b), the failure to join or give notice to any interested person, . . . that party may do so by filing a motion to strike the contested pleading or part thereof." A defendant who files an answer waives the right to have the court determine the legal sufficiency of the complaint. Sachs v. Feinn, 121 Conn. 77, 80, 183 A. 384
(1936); Kwiechien v. Gordon, 33 Conn. Sup. 637, 638 n. 2, 365 A.2d 118
(App. Sess. 1976); see also Practice Book §§ 10-6 and 10-7. The motion to strike is therefore granted as to the fourth special defense. CT Page 11491
 Conclusion
For the reasons set forth above, the plaintiffs' motion to strike is granted as to the fourth special defense and denied as to the first, second, third and seventh special defenses.
Martin, J. CT Page 11492