## CHARLES F. MICHAEL *vs.* AUSTIN CURTIS.

Hartford Dist., March T., 1891. ANDREWS, C. J., LOOMIS, SEYMOUR, TORRANCE and FENN, Js.

The acceptance of personal property by a vendee, to relieve a contract for its sale from the statute of frauds, must be an actual receiving of the whole or some part of the property on the part of the vendee. An acceptance may be sufficient to pass the title and yet not sufficient to take the case out of the statute.

A contract void under the statute of frauds is void for all purposes.

*A* moved a barn upon the land of *B* with his consent, while negotiations were pending for its sale to *B*. Held that while these negotiations were pending *A* was tenant-at-will of *B*.

The sale not having been perfected, *A* remained a tenant-at-will of *B*, and so liable for use and occupation; though he would have had a reasonable time for the removal of the barn, during which he would not be liable for rent.

Small damages and nominal damages do not mean the same thing. Where there is a real right involved the damages, even if very small, are substantial and not nominal. To deprive a party of these, by refusing him a new trial because they must be small, might do him a serious injustice.

[Argued March 4th—decided April 20th, 1891.]

ACTION to recover for the use and occupation of certain land of the plaintiff, and for damages for the breach of a contract; brought to the Court of Common Pleas of Hartford County and tried to the jury before *Taintor, J.* Verdict for the defendant, and motion for a new trial by the plaintiff for a verdict against the evidence and an appeal for error in the rulings and charge of the court. The case is sufficiently stated in the opinion.

*J. J. Jennings,* for the appellant.

*F. L. Hungerford* and *N. E. Pierce,* for the appellee.

ANDREWS, C. J. The substituted complaint on which this case was tried contained two counts:—the first one claiming damages for the use and occupation by the defendant of certain land of the plaintiff: and the second damages for a breach of a contract by the defendant. The cause was tried upon issues closed to the jury, and there was a general verdict in favor of the defendant. The plaintiff brings the case to this court on a motion for a new trial for a verdict against the evidence in the case, and also appeals, assigning as reasons of appeal divers rulings of the court in respect to evidence and in respect to the charge to the jury. The defendant filed exceptions, which are made a part of the record, and suggests that the same questions will again arise in case a new trial is had, and asks that these also may be decided.

The cause of action relied on in both counts grew out of the same transaction. The parties live in the village of Bristol, and are respectively the owners of land on opposite sides of Laurel street in that village. In August, 1888, ne-

gotiations were had between them through one Porch—they did not meet personally—the result of which was that Mr. Curtis moved a barn belonging to himself from his own land upon the land of Mr. Michael. Mr. Curtis claimed that a contract had been made by which he had sold the barn to Mr. Michael, that he was to remove it, as he had done, from his own to the land of Mr. Michael, and that Mr. Michael was to pay him for the barn when so removed the sum of nine hundred dollars. Mr. Michael claimed that, in addition to the barn and to the so moving it, Mr. Curtis, in consideration of the sum of money named, was to execute a writing agreeing that he would not for five years place a barn on his own land opposite to the land of him, Michael. Mr. Curtis denied that he had agreed to execute such a writing and refused so to do. Mr. Michael then notified Mr. Curtis to remove the barn from his, Michael's land, and that he should charge him one dollar a day for every day it remained on his land. Mr. Curtis then brought an action against Mr. Michael to recover the nine hundred dollars. To that action Mr. Michael made two defenses—the general issue, and a second defense in the nature of a plea in bar, setting up the agreement as he claimed it to be, and alleging that Mr. Curtis had refused to perform it. To that defense Mr. Curtis replied, denying the alleged agreement to execute such writing, and averring that the barn had been delivered to and accepted by Mr. Michael. To this reply Mr. Michael rejoined, denying that the barn had been delivered to or accepted by him. The issues were tried by a jury, and a general verdict, finding them in favor of Mr. Michael, was returned and accepted by the court. This verdict was rendered at the November term, 1889, of the Court of Common Pleas in Hartford County. The present action was brought to the same court at its September term, 1890.

We have examined all the evidence in the case, and are of opinion that the verdict on the second count was not against the evidence but clearly in accordance with it. There was no evidence, no substantial evidence, to prove

such an agreement as the plaintiff alleged in that count. The man Porch, through whom all the negotiations are said to have been made, was not called as a witness. The defendant denied that such a contract had ever been made. But if the terms of the contract had been shown, it was not a lawful and binding contract by reason of the statute of frauds. It was admitted that nothing had been paid to bind the bargain, or in part payment, and that there was no memorandum in writing. It was sought to avoid this objection by introducing the record of the former trial. It was claimed that that record showed an acceptance of the barn by Mr. Michael, and that the acceptance takes the case out of the statute.

That the acceptance of personal property by a vendee will relieve a contract for its sale from any objection on account of the statute of frauds is very true. But it must be such an acceptance as that statute mentions. The language of the statute is "accept and actually receive." An acceptance sufficient to take a sale of personal property out from the operation of the statute, must be an accepting and an actual receiving of some part or the whole of the goods on the part of the vendee. Does the record then of the former case show such an acceptance? It seems to us that it does not, either when regarded technically, or in the light of the claims then made by Mr. Michael.

An acceptance sufficient to pass the title of personal property from a vendor to a vendee may be, and often is, made without any actual receiving by the vendee of any part of the goods. On the former trial the question of acceptance was directly put in issue. It was asserted by Mr. Curtis and denied by Mr. Michael in their respective pleadings. It was then whether Mr. Michael had so accepted the barn that the title thereto had passed from Mr. Curtis to him. The verdict was in favor of Mr. Michael. And that verdict cannot be reconciled with a finding by the jury that Mr. Michael had so accepted the barn as to take the case out of the statute of frauds. An acceptance sufficient for the latter purpose would include one sufficient for the for-

mer. And if the jury had found an acceptance by Mr. Michael sufficient for the former, their verdict must have been the other way. Mr. Michael's testimony is, that when Mr. Curtis, at Mr. Jenning's office, refused to sign the writing, he told him, Curtis, to take the barn off his land. Presumably Mr. Michael gave substantially the same testimony on the former trial that he gave in the present one, so that the evidence upon which the jury found their verdict in that case did not indicate an acceptance by Mr. Michael, but a very emphatic refusal to accept. Besides, the contention of Mr. Michael throughout that trial was, that there had been no completed contract between himself and Mr. Curtis. He insisted that Mr. Curtis had refused to perfect the negotiations so as to make a binding contract; at the same time insisting that he had done nothing which made payment binding on him.

It is apparent that the rulings at the trial did not injuriously affect the plaintiff. A contract void under the statute of frauds is void for all purposes. Browne on Statute of Frauds, 114; *Carrington* v. *Roots*, 2 Mees. & Wels., 248; *Dung* v. *Parker*, 52 N. York, 494; *Dowling* v. *McKenney*, 124 Mass., 478.

In respect to the first count, which is for the use and occupation of land, an entirely different state of facts and of the law is presented. "It may be laid down generally that if a person by consent of the owner of land is let into possession without having a freehold interest or any certain term, and without circumstances which would show an intention to create an estate from year to year, he is tenant-at-will." 1 Washb. Real Prop., 591. The defendant moved his barn upon the land of the plaintiff while negotiations were going on by which he expected to sell the barn to the plaintiff. While these negotiations were pending the defendant was a tenant-at-will to the plaintiff. *Sarsfield* v. *Healy*, 50 Barbour, 245; Taylor's Landlord & Tenant, § 60. Had such negotiations ripened into a completed contract, then the tenancy-at-will would have been merged in the executed contract and relate back to the time when the barn was first

moved upon the land. But the negotiations were never per-fected and the defendant remained tenant-at-will to the plaintiff, and so liable for use and occupation. *Gould* v. *Thompson*, 4 Met., 224. " If a party is let into possession under a contract of sale which goes off, he is liable for use and occupation at the suit of the vendor for the period dur-ing which he remained in possession after the contract went off; though he may not be for the occupation prior to the rescinding of the contract." Taylor's Land. & Tenant, § 637; *Howard* v. *Shaw*, 8 Mees. & Wels., 118; *Hull* v. *Vaughan*, 6 Price, 157; *Clough* v. *Hosford*, 6 N. Hamp., 231; *Alton* v. *Pickering*, 9 N. Hamp., 494; *Patterson* v. *Stoddard*, 47 Maine, 355. One so going into occupation would undoubtedly be entitled to have a reasonable time after the negotiation failed in which to quit possession, during which time he would not be liable for rent. *Smith* v. *Goulding*, 6 Cush., 155. The extent of the liability in such case is the reason-able value of the occupation. *Gould* v. *Thompson*, *supra*.

These rules of law govern the present case as shown by the first count of the complaint. All the evidence offered tended to show—it seems almost to have been conceded—that the occupation was of some substantial value, though per-haps not of a very great value. The plaintiff claimed more than five hundred dollars. The testimony offered by the defendant made it not more than thirty or forty dollars. Whatever it was the plaintiff was entitled to recover it. The judge called the attention of the jury to the claims of the parties in this part of the case, and gave them the correct rule by which their deliberations should be guided. But they disregarded it, and rendered a verdict which, as applied to the first count, was not only against the evidence, but was wholly without evidence to support it. It is apparent that the contest at the trial was in respect to the case made by the second count. The minds of the jury seem to have been so taken up with that part of the case that they over-looked the merits of the one made by the first count.

It is said that a new trial ought not to be granted to en-able a party to recover nominal damages. This will not be

denied. Small damages and nominal damages, however, do not mean the same thing. Nominal damages mean no damages. They exist only in name and not in amount. But where there is a real, legal right involved in a case, the damages, even if very small, are substantial damages and not nominal. To deprive a party of these might be to do him a serious injustice.

There must be a new trial on the first count, but no new trial on the second count.

In this opinion the other judges concurred.