<hr/>

ALFRED CHAPIN *vs.* IRENE R. BABCOCK.

First Judicial District, Hartford, January Term, 1896. ANDREWS, C. J., TORRANCE, FENN, BALDWIN AND HAMERSLEY, Js.

A judgment against several persons in an action of tort is severable; and an appeal taken by one only of two defendants against whom such a judgment has been rendered by a justice of the peace, vacates the judgment only as to the one so appealing.

In the appellate court it is not essential to the plaintiff's recovery that he should prove the tortious acts were committed by the defendants jointly; it is enough if he prove the tort, whether several or joint, as against the defendant who appealed.

Where a substantial right is involved, a new trial will not be denied a party aggrieved, merely because the damages must be small.

[Submitted on briefs January 7th—decided February 7th, 1896.]

ACTION in the nature of trespass *de bonis*, brought originally before a justice of the peace, and thence by the defendant's appeal to the Court of Common Pleas in Hartford County, where the case was tried to the jury, before *Walsh, J.*, and verdict and judgment rendered for the defendant, from which the plaintiff appealed for alleged errors in the rulings and charge of the court. *Error, and judgment set aside.*

The case is sufficiently stated in the opinion.

*Albert C. Bill* and *Joseph P. Tuttle,* for the appellant (plaintiff).

*J. Warren Johnson,* for the appellee (defendant).

ANDREWS, C. J.   This case was originally brought before a justice of the peace.   The complaint alleged a cause of action in the nature of trespass *quare clausum fregit* and the carrying away of goods.   Irene R. Babcock and James H. Babcock were named as defendants.   The justice rendered judgment against both.   From that judgment Irene R. Babcock appealed to the Court of Common Pleas in Hartford county.   James H. Babcock did not appeal.   In the Court of Common Pleas, Irene R. pleaded only the general issue. A trial was had thereon to the jury, and a verdict was given in her favor.   The plaintiff now has appealed to this court.

Upon the trial to the jury the plaintiff claimed and asked the court to hold, that the appeal by Irene R. Babcock vacated the justice judgment as to both herself and James H. Babcock.   The court did not so rule, but instructed the jury that the appeal by Irene R. vacated the said judgment only as against herself; and that the said justice judgment remained in force as against the said James H. Babcock.   We think this ruling was correct.

A judgment against several persons in an action of tort is severable.   The liability of tort feasors is several as well as joint; as well after judgment as it is before a suit is brought. Freeman on Judgments, § 236; *Morgan* v. *Chester*, 4 Conn., 387; *Sheldon* v. *Kibbe*, 3 id., 214; *Atwater* v. *Tupper*, 45 id., 144.   Of course the satisfaction of such a judgment by any one of those against whom it was rendered, would be a discharge as to all.

The Court of Common Pleas held also that the plaintiff must prove, in order to recover, that the acts for which damages were claimed were such as both Irene R. Babcock and James H. Babcock were jointly liable for.   This was error.   In the Court of Common Pleas the case stood as though Irene R. was the only defendant named in the com-

plaint, or as though it had not been served on James H. Clearly she would be liable for any trespass, several or joint, upon the premises, or to the property named in the complaint, committed by her, and any such trespass might be proved against her. 1 Swift's Dig., 532.

It is urged that a new trial ought not to be granted because the damages will be small. Small damages, however, and nominal damages, do not mean the same thing. Where there is a real right involved the damages, even if very small, are substantial and not nominal. To deprive a party of these, by refusing him a new trial because they must be small, would be to do him a great injustice. *Michael* v. *Curtis*, 60 Conn., 363, 369.

There is error and the judgment is set aside.

In this opinion the other judges concurred.