## NATHAN H. GRUBER *vs*. L. FRIEDMAN, AARON RAPHAEL AND HARRY KLEIN.

First Judicial District, Hartford, January Term, 1926.

WHEELER, C. J., CURTIS, KEELER, MALTBIE and HAINES, Js.

Persons severally liable on the same obligation remain severally liable even though, under the rules (Practice Book, p. 277, § 154), they are joined as defendants in one action, and a joint judgment is rendered against them.

The Superior Court has power at any time, upon proper notice to all concerned, to correct merely clerical mistakes in the record of a judgment; and it is immaterial that the judge presiding over the court at the term during which the correction is made, is not the one who presided at the term when the judgment was originally entered.

In the present case, the plaintiff, as the holder of a promissory note, obtained a judgment against the indorsers, the defendants K and R. K alone appealed therefrom to this court, which reversed the judgment and directed the Superior Court "to render judgment for the defendant." *Held:*

1. That the liability of R under the judgment originally rendered by the Superior Court was in no way affected by the disposition of K's appeal by this court; and that the Superior Court erred in entering judgment, contrary to the mandate of this court, in favor of both defendants.

2. That this error was a clerical mistake which the Superior Court properly corrected at a subsequent term, upon motion of the plaintiff and upon notice to all concerned.

Argued January 5th—decided February 23d, 1926.

APPEAL by Aaron Raphael, one of the defendants in the above entitled action, from a judgment of the Superior Court in Hartford County (*Simpson, J.*), correcting the judgment as originally entered therein on motion of the plaintiff. *No error.*

*Moses A. Berman,* for the appellant (defendant Aaron Raphael).

*Frank A. Murphy,* with whom, on the brief, was *Joseph M. Freedman,* for the appellee (plaintiff).

KEELER, J. This action, brought to the Superior Court in Hartford County by the plaintiff against Louis Friedman, Aaron Raphael and Harry Klein, and returned to the first Tuesday of April, 1924, was tried therein September 9th, 1924, and judgment rendered against the defendants Raphael and Klein to recover $1,060 damages and costs. Friedman had become a bankrupt and no judgment was rendered against him. From this judgment the defendant Klein appealed to this court, which found the judgment erroneous, remanded the cause, and directed judgment in favor of the defendant Harry Klein on February 23d, 1925. The defendant Raphael did not appeal to this court. This description of the judgment refers to the same as corrected. In correcting the judgment, the following memorandum appears of record appended to the judgment file:

"Foregoing judgment corrected by the court (*Simpson, J.*) October 9, 1925, by inserting in the third paragraph after the words 'and directed judgment for the' and in the place of the word 'defendants' the words 'defendant Harry Klein' and inserting in the fourth paragraph after the words 'Supreme Court of Errors that the' and in place of the word 'defendants' the words 'defendant Harry Klein' and by inserting in place of the word 'their' in the last line of the same paragraph the word 'his'; and execution of said judgment is hereby stayed for one week from October 9, 1925.                    *Simpson, J.*"

The third and fourth paragraphs of the judgment-file as originally entered read as follows:

"Said Supreme Court of Errors found error in said judgment, remanded the cause and directed judgment for the defendants on February 23, 1925.

"Whereupon it is adjudged, pursuant to the direc-

tion of the Supreme Court of Errors that the defendants recover of the plaintiff their costs taxed at . . . dollars, and . . . cents."

The judgment-file in the form last noted was prepared March 6th, 1925. On October 3d, 1925, the plaintiff moved to correct the judgment-file, reciting the facts outlined above, and further alleging that the word "defendants" in the original judgment-file was erroneously used, since the judgment of this court ordered "judgment to be entered for the defendant Klein," and praying that the judgment be corrected by striking out the word "defendants" wherever appearing therein, and substituting therefor the words, "the defendant Klein." The motion also asked for an order allowing the plaintiff to take out execution against the defendant Raphael. This motion was granted, as appears from the memorandum above quoted. From the action of the court in making this correction, the defendant Raphael appealed, and alleged as error the granting of plaintiff's motion, both as to correcting the judgment-file and in staying execution against defendant Raphael for one week, and in correcting the judgment without hearing evidence upon the motion, and in that *Judge Simpson* erred in altering judgment ordered by *Judge Dickenson* of the same court.

The trial court when correcting the record did not err in staying execution for one week. This was clearly in favor of defendant Raphael, evidently for the purpose of giving him a reasonable time in which to take any appeal, which he did within the week, and thereby issuance of execution was stayed by operation of law. He has no cause to complain. His statutory right to one week in which to take an appeal was thereby conserved. It does not appear from the appeal record that the court acted upon the motion to correct without hearing evidence, but assuming that to be the case, in

this instance no oral evidence was necessary or proper; the correction was to be made or refused upon the record in the Superior Court and in this court, from facts appearing upon its face. That the judgment was originally entered by the court when held by one judge and that the correction was made at a subsequent session presided over by another judge, is of no significance legally. The act of correction was the act of the court. If the court had a right to make the correction, it is of no moment who happened to be the presiding magistrate.

The only matter of importance arising in the case pertains to the right of the court to make the correction of the form of the judgment. The case on appeal to this court is reported in 102 Conn. 34, 127 Atl. 907. The defendant Klein is the only appellant. The report contains, after the usual description of the action of the trial court following the caption, the words, "Error; judgment to be entered for the defendant Klein." The rescript following the opinion reads: "There is error, the judgment is reversed and the Superior Court is directed to render judgment for the defendant." From this it appears that this court had before it only the defendant Klein, in whose favor judgment was reversed and final judgment directed for him. The direction is to render judgment for the defendant, and the only defendant with whose contention the court was dealing was Klein. Upon the face of the record it would therefore appear that the corrected judgment, and not the one first entered, accurately carries out the mandate of this court.

The Superior Court has the right to correct a judgment as regards clerical errors—and the mistaken wording of the first judgment-file was unquestionably a clerical error—at any time when the error is brought to its attention, after a hearing.

"Mistakes merely clerical, by which the judgment as recorded fails to agree with the judgment in fact rendered, may be corrected at a term subsequent to that in which the judgment was rendered, upon proper notice to all concerned." *Goldreyer* v. *Cronan,* 76 Conn. 113, 115, 55 Atl. 594. See also *Weed* v. *Weed,* 25 Conn. 337; *Tyler* v. *Aspinwall,* 73 Conn. 493, 497, 47 Atl. 755; *Pelton* v. *Goldberg,* 81 Conn. 280, 283, 70 Atl. 1020; *Brown* v. *Clark,* 81 Conn. 562, 566, 71 Atl. 727; *Alderman Bros. Co.* v. *Westinghouse Air Brake Co.,* 91 Conn. 383, 384, 99 Atl. 1040. But the appellant insists that the judgment of the trial court, which came by appeal to this court, was a joint judgment and an entirety, so that its reversal as to one defendant operated as a reversal as to all. It appears from the report of the case upon the former appeal to this court, 102 Conn., page 35, as well as from the full record on appeal, that the suit was upon a negotiable promissory note made by Friedman to the order of Gruber and indorsed by Raphael and Klein and delivered to the payee. The liability upon this note was several; either indorser might have been separately sued, and a separate judgment might have been rendered against him; the joining of two persons severally and immediately liable on the same obligation, as allowed by the Practice Book, Rule 154, p. 277, and allowing a joint judgment, is merely to prevent multiplicity of actions; where there is a several liability, that liability is not destroyed by a judgment joint in form, against a number of defendants severally liable. In *Chapin* v. *Babcock,* 67 Conn. 255, 256, 34 Atl. 1039, we said: "A judgment against several persons in an action of tort is severable. The liability of tort feasors is severable as well as joint; as well after judgment as it is before a suit is brought." This case was an appeal from the judgment of a justice of the peace against defendants,

and the sole appellant, one of the defendants, asked the court to hold and to charge the jury that the appeal vacated the judgment as to both herself and the other defendant. The court did not so rule, but held that the appeal vacated the judgment only as to the appellant, and we held this ruling was correct. We have applied the same rule in an action *ex contractu*. *Donnarumma* v. *Korkin*, 97 Conn. 223, 224, 116 Atl. 178, citing *Chapin* v. *Babcock, supra*. The judgment follows the nature of the liability, although it may in form include several defendants under the form of a joint judgment. Hence, having in mind the tenor of the rescript of this court directing judgment by the Superior Court in favor of "the defendant," it is clear that the judgment directed was operative only in favor of him, and that the judgment appealed from remained in full force as to Raphael.

There is no error.

In this opinion the other judges concurred.