PHOEBE LEWIS', ET AL.
APPEAL FROM PROBATE
(Estate of Anna J. E. Eno)

Superior Court     New Haven County     File #49268

Present: Hon. NEWELL JENNINGS, Judge.

Bronson, Rice & Lyman;
William H. Healey,           Attorneys for the Appellant.
Harold E. Drew;
FitzGerald, Foote & FitzGerald, Attorneys for the Appellee.

See 3 Connecticut Supplement, 444.

**MEMORANDUM FILED SEPTEMBER 22, 1936.**     121 Conn. 594

JENNINGS, J. On January 14, 1936, the Court of Probate for the District of Derby decreed that Frank C. Eno, the surviving husband of Anna J. E. Eno, was the sole distributee of the intestate portion of her estate. From this decree twelve of her next of kin, listed in the judgment of the Superior Court, appealed. They lost. The parties to that appeal were therefore these twelve next of kin, the administrator c.t.a. and the husband. From this judgment these twelve next of kin again appealed to the Supreme Court. Error was found on this appeal and "the cause is remanded to be proceeded with according to law."

"Remanded" means remanded to the Superior Court. There are therefore before me the parties named to the original appeal and a decree of the Probate Court which has been found by the Supreme Court to be erroneous. There is nothing in the record before me to disclose the identity of the three additional cousins referred to in the briefs. They have not intervened, pleaded or even entered their appearances. It follows that no affirmative relief can be granted to them by me.

As I see it, only two courses are open to me. I can in turn remand the case to the Probate Court with directions to vacate the existing decree. If that is done, the parties would have to start all over again, the three would seek to benefit from the Supreme Court decision along with the twelve with the usual appeal by the losing party. There has been so much litigation in this comparatively small estate that that result should be avoided if possible.

The other alternative is to remand the case with instructions to distribute the intestate estate to the appellants. This seems to me to be the fairest solution. When all of the parties were before the Court of Probate, there was a square issue between the fifteen next of kin on the one hand and the husband on the other. The decision of the Court of Probate was that the husband and none of the next of kin should share in the intestate estate. Three of the next of kin acquiesced in that decision and it therefore became final as to them. They should not be permitted to let the twelve appellants carry the burden and expense of an appeal to the Superior Court and of a further appeal to the Supreme Court to a successful conclusion and then claim their share in the resulting fund. This is certainly true in the ordinary case (see **Donnarumma vs. Korkin, 97 Conn. 223; Gruber vs. Friedman, 104 Conn. 107**) and there is no good reason why it should not apply to Appeal from Probate where the interests of the parties are severable. It is obvious that where the appeal involves the validity of a will, all are affected and all similarly situated should benefit since the will could not be said to be valid as to some and invalid as to others. Where the question, as here, is simply the right to share in a fund, there is no reason why those failing to appeal an adverse ruling by a court of competent jurisdiction should not be out of the picture. Assume, for instance, that only one of the fifteen appealed and that, if obligated to take one fifteenth, his share would be insufficient to pay the expense of his two appeals and subsequent proceedings such as those before me. This hardly sounds reasonable.

The portion of the decree appealed from is vacated and set aside and the Court of Probate is directed to enter its decree distributing the portion of the estate in question to the appellants herein, who are found to be entitled thereto.

Costs are awarded to the appellant.