RICHARD LETSCH *v.* JOSEPH A. SLADY ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued May 13—decided July 1, 1958

*Albert A. Garofalo,* for the appellant (plaintiff).

*Milton H. Belinkie,* with whom, on the brief, was *Joseph G. Shapiro,* for the appellees (defendants).

DALY, C. J. The plaintiff brought this action to recover damages for personal injuries alleged to have been caused by the negligent operation of the automobile of the named defendant. The plaintiff appealed from the decision of the trial court denying his motion to set aside the verdict for the defendant. Section 8003 of the General Statutes provides that "if either party is aggrieved by the decision of the court . . . upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, he may appeal from the final judgment of the court." Where the motion to set aside the verdict is denied, judgment is rendered upon the verdict, and the appeal is from that judgment. Maltbie, Conn. App. Proc., § 183. The plaintiff has not appealed from the judgment on the verdict. This defect, however, amounts to no more than one of form which requires challenge, if at all, within ten days after the filing of the appeal. Practice Book § 436. The appeal is not void. *Lengel* v. *New Haven Gas Light Co.,* 142 Conn. 70, 75, 111 A.2d 547.

In his single assignment of error, the plaintiff alleges that the court erred in denying his motion to set aside the verdict, "because prior to rendering of the verdict for the defendant the jury had brought in a verdict for the plaintiff in the amount of six cents, and said verdict was, on its face, frivolous and a compromise verdict and a result of passion, prejudice, partiality or mistake and so tainted that the jury could not accomplish substantial justice when sent back to reconsider the case." In a case where a plaintiff's clear legal right has been invaded he is

entitled to at least nominal damages. *Urban* v. *Hartford Gas Co.,* 139 Conn. 301, 305, 93 A.2d 292. This is not such a case. The verdict for six cents, nominal damages, which the court refused to accept indicated that the plaintiff was not entitled to any damages. "Nominal damages mean no damages. They exist only in name and not in amount." *Michael* v. *Curtis,* 60 Conn. 363, 369, 22 A. 949; *Brennan* v. *Berlin Iron Bridge Co.,* 72 Conn. 386, 389, 44 A. 727. A plaintiff not entitled to recover at all has no right for any reason to have a verdict for the defendant set aside. *Johnson* v. *Franklin,* 112 Conn. 228, 230, 152 A. 64. The fact that the jury had reported a verdict for the plaintiff in the amount of six cents did not require that the court set aside the verdict for the defendant rendered by the jury after they had been reinstructed on the issues of liability and damages and were returned to the jury room by the court for further consideration of the case.

There is no error.

In this opinion the other judges concurred.