LEO J. BUDEN *v.* VICTOR DOMBROUSKAS

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued November 2—decided November 22, 1960

*Bernard D. Gaffney,* with whom, on the brief, was *Leo V. Gaffney,* for the appellant (defendant).

*Maurice W. Rosenberg,* for the appellee (plaintiff).

Per Curiam. In this action, in two counts, the plaintiff, who was the lessee of a restaurant, claimed damages in the amount of $15,000 for the breach, by the lessor, the defendant, of two covenants in the lease. The defendant interposed a counterclaim for damages in the amount of $5000 for waste. The case was tried to the court. No written memorandum of decision was filed, but immediately after the close of the evidence and the arguments of counsel, the court spoke as follows: "Gentlemen, there is nothing luxurious about the aspect of this place as appears from Exhibit C. The curtains on the walls are skimpy, and the walls, where they adjoin the roof show evidence of considerable leakage. It is a little bit of a place. The wear and tear must have been pretty terrific there. The rent strikes me as being a high rent. Those are just observations along the road. In this case I am going to find the issues on the complaint and counterclaim for the plaintiff. The damages I find to be nominal on any ground that is alleged in the complaint. So damages—judgment may be rendered for the plaintiff to recover $340."

Accordingly, a judgment file was prepared in the usual form, reciting that the court had found the issues for the plaintiff on both the complaint and the

counterclaim, and concluding as follows: "Whereupon it is adjudged that the plaintiff recover of the defendant $340.00 damages, and        costs . . . ." The sole error assigned upon this appeal is "[i]n awarding the plaintiff Three Hundred Forty . . . Dollars declaring such to be nominal damages when an award in such an amount is an award of substantial damages."

"Nominal damages mean no damages. They exist only in name and not in amount." *Michael* v. *Curtis,* 60 Conn. 363, 369, 22 A. 949; *Letsch* v. *Slady,* 145 Conn. 401, 403, 143 A.2d 642. In the strict and proper use of the term, nominal damages could not be given in the amount awarded here. The defendant makes no claim that the evidence did not warrant an award of compensatory damages in the amount of the judgment actually entered, nor could such a claim have been made where, as here, there is no finding. The defendant claims error only in the inconsistency between the statement of the court that it found the damages to be nominal and its mandate for the entry of judgment for $340.

It is obvious from the language of the court that it spoke extemporaneously and without legal precision in commenting on the trivial character of the case. Clearly, it was using the word "nominal" as the equivalent of "small." *Patalano* v. *Chabot,* 139 Conn. 356, 362, 94 A.2d 15; *Chapin* v. *Babcock,* 67 Conn. 255, 257, 34 A. 1039; *Michael* v. *Curtis,* supra. After its explanatory and descriptive comments on the factual aspects of the case, the court said, when it came to the actual oral direction for the entry of judgment: "So damages—judgment may be rendered for the plaintiff to recover $340." The judgment file followed the oral judgment and made no mention of nominal damages. Under a proper in-

terpretation of the court's extemporaneous remarks, there was no inconsistency, nor was there error, in the award of compensatory damages in the amount of the judgment.

There is no error.