The defendant has appealed from a decision denying its motion for judgment notwithstanding the verdict or, in the alternative, to set aside the verdict. See Practice Book § 377. The appeal should properly have been from the judgment; such an appeal would include any claimed error in the court's action on the motion. Letsch v.Slady, 145 Conn. 401, 402; Rickey v. E. H. JacobsMfg. Co., 142 Conn. 495, 496; Maltbie, Conn. App. Proc. § 183. The defect, however, amounts to one of form only and, having been unchallenged, is considered waived, and the appeal stands.
The verdict and the judgment were in favor of the named plaintiff. He has moved to dismiss the appeal on two grounds, the first of which has been abandoned. The remaining ground is that the issues upon which the appeal was taken require a transcript of the evidence, but no stenographic notes were taken at the trial.
The last paper filed in the course of the appeal was the defendant's request for finding and draft finding. The plaintiff failed to file a counterfinding as required by Circuit Court Rule 7.32.2. This was necessary before any further proceedings to perfect *Page 335 
the appeal could be taken. The assumption by the plaintiff that the appeal was fatally defective because of the absence of a transcript was unwarranted. Lacking a transcript, the defendant may well be presented with difficulties of which some may prove to be insurmountable. Our rules, however, provide for a method of pursuing an appeal and assigning error where a transcript of evidence is not available. Cir. Ct. Rule 7.20.
 The motion to dismiss is denied.
PRUYN, KOSICKI and DEARINGTON, Js., participated in this decision.