ANTHONY J. SESSA *v.* VITO GIGLIOTTI

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued December 5—decided December 19, 1973

*Abraham S. Silver,* for the appellant (plaintiff).

*William J. Friedeberg,* for the appellee (defendant).

PER CURIAM. This was a suit for a real estate commission. The defendant entered into an exclusive listing agreement for six months with the plaintiff, a real estate broker, for the sale of property in New Britain for a price of $275,000 and for a 5 percent commission. During the six months, the de-

fendant entered into a lease agreement with a third party. The lease involved more than two-thirds of the property covered by the exclusive listing agreement, provided that the defendant-lessor would as promptly as possible demolish the buildings on the leased property and pave it for a parking lot. The lease was to run for thirty years, commencing as soon as the parking lot was ready for operation. The defendant informed the plaintiff of the lease, whereupon the plaintiff brought this action alleging a breach of the exclusive listing agreement and claiming that he was entitled to a commission of 5 percent of $275,000. At the trial, he made no claim nor did he offer evidence to show that he would have produced a prospective purchaser ready, willing and able to buy the subject premises during the term of the exclusive listing.

The court concluded that the action of the defendant in leasing the property was not violative of his obligation under the exclusive listing agreement and rendered judgment for the defendant. It also ruled on a claim of law made by the defendant that even if the leasing of the property had prevented the plaintiff's performance of his contract, nevertheless, under the rule enunciated in *Cone* v. *Pedersen,* 131 Conn. 374, 40 A.2d 274, the measure of damages for the prevention of performance would be the profit which the plaintiff would have made had he not been prevented from performing, and to recover damages in this action it was incumbent upon the plaintiff to prove that had he not been prevented from performance, he would have become entitled to his commission before the exclusive listing contract expired.

We conclude that the court was wrong in deciding that the defendant's action in leasing a major portion

of the premises was not violative of his obligation under the exclusive listing agreement but, on the other hand, the court was correct that to recover more than nominal damages it was incumbent upon the plaintiff to prove the extent of those damages or, to become entitled to the full commission, that he would have produced a purchaser for the property but for the actions of the defendant. This the plaintiff failed to do, and, accordingly, he would have been entitled only to nominal damages.

" 'Nominal damages mean no damages. They exist only in name and not in amount.' *Michael* v. *Curtis,* 60 Conn. 363, 369, 22 A. 949; *Letsch* v. *Slady,* 145 Conn. 401, 403, 143 A.2d 642." *Buden* v. *Dombrouskas,* 147 Conn. 728, 730, 166 A.2d 157. Ordinarily, we will not grant a new trial in order to entitle a plaintiff to recover merely nominal damages. *Went* v. *Schmidt,* 117 Conn. 257, 259, 167 A. 721; *Cheshire Brass Co.* v. *Wilson,* 86 Conn. 551, 558, 86 A. 26; *Beattie* v. *New York, N.H. & H.R. Co.,* 84 Conn. 555, 559, 80 A. 709. The circumstances of this case do not furnish an exception to this general rule.

There is no error.