[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs have moved to set aside a jury verdict in favor of the defendant in an action where the plaintiffs claimed to have sustained personal injuries as a result of the negligent operation of a motor vehicle by the defendant.
A jury verdict will stand unless unsupported by the evidence, or unless it is so palpably against the evidence as to indicate prejudice, partiality, corruption, confusion or a lack of understanding of the issues by the jury. Harris v. Clinton,142 Conn. 204, 209 (1955). "Upon issues regarding which, on the evidence, there is room for reasonable difference of opinion. . .the conclusion of a jury. . .must stand, even though the opinion of the trial court. . .be that a different result should have been reached." Trzcinski v. Richey, 190 Conn. 285, 299 (1983). In viewing the claims of the plaintiffs, the court must give the evidence the most favorable construction in support of the verdict. Shelnitz v. Greenberg, 200 Conn. 58, 67 (1986). A jury may accept or reject all, part of, or none of the evidence and may believe or disbelieve any evidence and to attribute to the evidence whatever weight it feels is merited. Birgel v. Heintz, 163 Conn. 23, 29
(1972); Murteza v. State, 7 Conn. App. 196, 209 (1986).
In the present case there are no claims made with respect to Error in the admission or rejection of evidence, nor any claimed errors in the charge to the jury. The jury returned a general verdict in favor of the defendant, and the court therefore presumes that the jury found every issue in favor of the defendant. Goral v. Kenney, 26 Conn. App. 231, 238 (1991).
In the present case the adult plaintiff and an independent witness, gave testimony that might lead one to believe that the defendant failed to stop at a stop sign. However, neither party actually saw the defendant's vehicle go through the stop sign. The defendant testified that he could not recall if he stopped for the stop sign and that he may not have made a complete stop, but he hoped he would have stopped. The independent witness also testified that the defendant was going slowly when she first saw his vehicle. Under such circumstances the court cannot conclude that the defendant was negligent as a matter of law in the CT Page 161 operation of his vehicle, nor can the court conclude that it would be unreasonable for the jury to decide the issue of negligence in favor of the defendant even in the absence of a special defense of comparative negligence.
With respect to the damages sustained, the defendant testified that when he exited his vehicle after the accident, neither the plaintiff nor her son appeared to be injured and the plaintiff was jovial and said that she was alright. A physician called as a witness by the defendant testified that he found inconsistencies in the complaints of the adult plaintiff and in the medical evaluations that were made on the day following the accident. The same physician also testified that, in his opinion, the adult plaintiff did not sustain the injuries of which she complained. Under such circumstances, the jury could reasonably conclude that neither plaintiff was injured as a result of the accident and therefore not entitled to damages. See Letsch v. Slady, 145 Conn. 401,403 (1958).
It is not the court's function to re-try the facts and, accordingly, the motion to set aside the verdict is denied.
RUSH, J.