MIDDLESEX HOSPITAL *v.* TOWN OF HAMDEN ET AL.
(11915)

FOTI, LANDAU and HEIMAN, Js.

Argued November 4—decision released December 14, 1993

*Patrick B. Kwanashie,* assistant attorney general, with whom were *Hugh Barber,* assistant attorney general, and, on the brief, *Richard Blumenthal,* attorney general, and *Richard J. Lynch,* assistant attorney general, for the appellant (defendant department of income maintenance).

*Thomas J. Riley,* with whom was *Robert D. Tobin,* for the appellee (plaintiff).

HEIMAN, J. The defendant[1] department of income maintenance (department) appeals from the judgment of the trial court reversing the department's decision upholding the denial by the town of Hamden of general assistance medical aid (GAMA) to a patient, Mary Landino. Since we conclude that we cannot afford practical relief to the department, we dismiss the case as moot.[2]

The following facts were found by the trial court. Mary Landino was a resident of the town of Hamden but lived at Barbara's Rest Home in East Hampton. On November 20, 1990, Landino was admitted to the plaintiff hospital. At that time, Landino was receiving supplemental social security benefits (SSI) of $386 a

---

[1] The defendants are the town of Hamden and the Connecticut department of income maintenance. Only the department of income maintenance appealed from the trial court's judgment.

[2] Since we conclude that this court lacks jurisdiction to hear the merits of the appeal, we do not reach the issues on appeal raised in the defendant's brief.

month. See 42 U.S.C. § 1381 et seq. She also was a title XIX Medicaid recipient. See 42 U.S.C. § 1396 et seq.; General Statutes § 17-134a et seq. She was discharged on December 10, 1990. The hospital bill was $7964.80.

The hospital applied to have the bill paid by Medicaid. Medicaid denied the application because it concluded that Landino's hospitalization was not medically necessary. On November 20, 1990, the hospital applied for GAMA from East Hampton to cover the bill. See General Statutes (Rev. to 1991) § 17-272 et seq. On February 1, 1991, East Hampton forwarded the application to Hamden. See General Statutes § 17-273 (b).[3] On February 8, 1991, Hamden denied the plaintiff's application because the services were eligible for payment under title XIX and were not eligible for payment by Hamden as GAMA. Hamden stated, in its denial, that services deemed "ineligible [sic]" for payment by title XIX were ineligible for payment as GAMA.

The plaintiff then requested that the dispute be referred to the commissioner of income maintenance or the commissioner's representative pursuant to General Statutes § 17-292 (c).[4] The commissioner's repre-

[3] General Statutes § 17-273 (b) provides: "On and after April 1, 1984, no town shall refuse to accept an application for general assistance or general assistance medical benefits because a person is deemed not to be a resident. In such a case, the town shall accept the application and contact the department of income maintenance. The department shall arrange to have the application transferred to the appropriate town of residence. If a dispute arises between the two towns as to liability for support, the dispute shall be referred to the commissioner of income maintenance in accordance with the provisions of section 17-292."

[4] General Statutes § 17-292 (c) provides in pertinent part: "In case of dispute between any such hospital and any such town concerning the town's obligation to pay for the hospitalization of any person receiving medical treatment or being supported and cared for in such hospital, or as to the amount of such obligation, the dispute shall be referred to the commissioner of income maintenance. . . . Said commissioner or a duly appointed representative shall hear the parties to any dispute referred to the commissioner under this subsection, after written notice to both parties. At such

sentative found that the hospital was not entitled to payment from Hamden because the patient did not appeal the initial denial of her Medicaid application pursuant to General Statutes (Rev. to 1991) § 17-274 (a).[5]

On April 3, 1992, the plaintiff appealed the department's decision to the trial court pursuant to General Statutes § 4-183.[6] On November 4, 1992, the trial court sustained the appeal and reversed the department's decision. The trial court found that § 17-274; see footnote 5; did not require the applicant to appeal the denial of Medicaid benefits to be eligible for GAMA benefits but required only that the patient apply for the benefit.

On November 20, 1992, the department appealed from the trial court's decision. The town did not appeal.

"Mootness applies to situations where events have occurred during the pendency of an appeal that make an appellate court incapable of granting practical relief through a disposition on the merits. . . . The standards governing mootness are well established. Because this court has no jurisdiction to render advisory opinions, no appeal can be decided on its merits in the absence of an actual controversy for which judicial relief can

hearing before the commissioner or his representative, parties shall have the right of subpoena, to appear by counsel and to present such witnesses as they desire. Any party aggrieved by a decision or order issued by the commissioner or his representative pursuant to this subsection may appeal in accordance with the provisions of section 4-183."

[5] General Statutes (Rev. to 1991) § 17-274 (a) provides in pertinent part: "If any person is entitled to any third party payment a town shall not be liable for the payment of any medical bill until an application has been completed on behalf of such person for such third party payment to which he is entitled, including private insurance, hospital or medical service corporation benefits, veterans' benefits, Medicare and medical assistance pursuant to part IV of chapter 302."

[6] General Statutes § 4-183 (a) provides: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section. The filing of a petition for reconsideration is not a prerequisite to the filing of such an appeal."

be granted." (Citation omitted; internal quotation marks omitted.) *Papagorgiou* v. *Anastopoulous,* 29 Conn. App. 142, 146, 613 A.2d 853, cert. denied, 224 Conn. 919, 618 A.2d 527 (1992).

We are incapable of granting practical relief to the department by deciding the merits of this case. The judgment caused the town to be aggrieved since it required the town to certify the eligibility of Landino for GAMA. General Statutes (Rev. to 1991) § 17-292g.[7] The town, if it desired to contest the judgment, could have appealed to this court within twenty days of the judgment. Practice Book § 4009.[8] In a case with multiple parties, the appeal by only one party does not stay the liability of the nonappealing parties. *Gruber* v. *Friedman,* 104 Conn. 107, 112, 132 A. 395 (1926); *Donnarumma* v. *Korkin,* 97 Conn. 223, 224, 116 A. 178 (1922). Therefore, since the town did not appeal, it is bound by the trial court's judgment.

[7] General Statutes (Rev. to 1991) § 17-292g provides: "The general assistance policy manual adopted pursuant to section 17-3f shall provide that upon determination by a town that a person who is hospitalized is eligible for or is receiving general assistance benefits, the selectman or the public official charged with the administration of general assistance in the town *shall* certify the person's eligibility and the accuracy of the contents of the billing form to the commissioner of income maintenance. The commissioner of income maintenance *shall* pay the hospital directly for the cost of treatment provided to such person and shall charge the town for ten per cent of such cost in the form of an adjustment to the quarterly statement submitted by the town pursuant to subsection (b) of section 17-292. Such payments shall be made no earlier than the first day of the quarter following the quarter in which the bill was received by the department of income maintenance. When a subsequent audit of the town records shows that the town's certification was submitted to the commissioner in error, ninety per cent of the charge shall be shown on the town's quarterly reimbursement request as an adjustment due to the state pursuant to section 17-3a. The provisions of this section shall apply to cases in which hospital services for inpatient care are provided on or after October 1, 1986." (Emphasis added.)

[8] Practice Book § 4009 provides: "The party appealing shall, within twenty days, except where a different period is provided by statute, from the issuance of notice of the rendition of the judgment or decision from which the appeal is taken file an appeal in the manner prescribed by Sec. 4012; but

After the town certifies the eligibility of Landino in accordance with the judgment, the commissioner of income maintenance will be obligated to pay directly to the hospital the cost of treatment provided to the patient. General Statutes (Rev. to 1991) § 17-292g. We cannot change the commissioner's statutory liability to the hospital generated by the certification of the patient's eligibility. Any disagreement by the commissioner to the certification by the town does not involve the hospital. That dispute is between the commissioner and the town because the commissioner's liability is derivative from the town's liability. Id. Thus, we can afford no practical relief to the commissioner and the case is therefore moot. See *Papagorgiou* v. *Anastopoulous,* supra.

The appeal is dismissed.

In this opinion the other judges concurred.

---

if within the appeal period any motion is filed which, if granted, would render the judgment or decision ineffective, as, for example, a motion to open the judgment or to set aside the verdict or for judgment notwithstanding the verdict, the period of time for filing an appeal shall commence from the issuance of notice of the decision upon the motion or the expiration of the time within which a remittitur is ordered filed.

"If an application for waiver of fees, costs and security is filed pursuant to Sec. 4016 within the time for taking an appeal as described above or as extended pursuant to Sec. 4040 (a), the appeal period shall commence upon the issuance of notice of the decision on the application.

"If the appeal in a criminal case is from a judgment of conviction, notice of the judgment shall be deemed to have issued when sentence is pronounced in open court. In a civil case, notice of the judgment shall be deemed to have issued when either the verdict is accepted in a jury case, or judgment is rendered in a non-jury case, in open court. If notice of the rendition of the judgment or decision is by mail, such notice shall be deemed to have been issued on the date it is mailed to the parties by the clerk.

"The time for filing the appeal or for taking any of the steps necessary to prosecute or defend the appeal, as hereinafter provided, may be extended in accordance with the provisions of Sec. 4040."